UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SCOTTSDALE INSURANCE, COMPANY, as subrogee of Chateau Partnership Lincoln,<br><br>                    Plaintiff,<br>     v.<br><br>HENDERSON ROOFING, INC.; CHARLES HENDERSON; CHARLES HENDERSON, doing business as Henderson Roofing; HENDERSON ROOFING & CONSTRUCTION, INC.; CHUCK HENDERSON ROOFING, LLC; DIAMOND ROCK CONSTRUCTION, INC.,<br><br>                    Defendants. | NO:  2:15-CV-8-RMP<br><br>ORDER GRANTING HENDERSON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DIAMOND ROCK DEFENDANT'S MOTION FOR THE SAME |

BEFORE THE COURT are Charles Henderson and Chuck Henderson Roofing, LLC's ("Henderson Defendants") Motion for Summary Judgment, ECF No. 30, and Diamond Rock Construction, Inc.'s ("Diamond Rock Defendant") Motion for Summary Judgment, ECF No. 35.  The Court heard oral arguments on

ORDER GRANTING SUMMARY JUDGMENT ~ 1

both of these motions on December 15, 2015.  The Court has reviewed the record and the pleadings, and is fully informed.

BACKGROUND

Plaintiff initiated this subrogation claim by filing a Complaint on January 12, 2015, claiming damages resulting from a fire that occurred on September 25, 2012.  After this Court granted leave to do so, Plaintiff filed a First Amended and Supplemental Complaint, stating claims for negligence and breach of contract.  *See* ECF No. 59.

In 2001, Chateau Partnership Lincoln (CPL) hired Henderson Defendants to remodel a roof "from gable to hip," and Diamond Rock Defendant was hired as a subcontractor to complete truss work on the roof.  *See* ECF No. 59 at 4.  Plaintiff alleges that Defendants initially completed the roofing without re-installing electrical structures ("surface-mounted conduit and outlets") intended to supply power to a manual heat-tape system in the roof, but after CPL complained, Defendants either completed the electrical work themselves without proper licenses or hired other unlicensed workers to do so.  *Id.*  Plaintiff claims that the electrical work did not comply with the 1999 National Electrical Code.

Additionally, Plaintiff alleges that Diamond Rock Defendants did not install draftstopping or fire walls which Plaintiff states are required in order for a building to adhere to a 1997 Uniform Building Code that was in force during the renovation at issue.  *Id.* at 5.  Plaintiff argues that Defendants only obtained a minimum fee

permit by submitting a "Commercial Building Remodel" permit application for their roofing work and failed to obtain the requisite roofing permit.  Plaintiff states that the alleged lack of proper structural permits resulted in a lack of structural inspections, thereby leaving defects latent and undiscovered.  *Id.*  Plaintiff argues that these defects were the cause of a 2012 fire that destroyed the apartment building along with two other contiguous structures.  Plaintiff now brings two claims: negligence and breach of contract, and seeks to recover $1,055,548.53 in compensatory damages corresponding to Plaintiff's payments, costs and expenses of this suit, and pre and post-judgment interest.

This Court exercises diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332, and accordingly, applies Washington state substantive law.  *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938).[1]

## ANALYSIS

The moving party is entitled to summary judgment when there are no disputed issues of material fact when all inferences are resolved in favor of the non-moving party.  *Northwest Motorcycle Ass'n v. United States Dep't of Agric.*,

---

[1] Federal courts exercising diversity jurisdiction apply the substantive law of the forum state, which includes statutes of limitations.  *See Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 966 (9th Cir. 1993).

ORDER GRANTING SUMMARY JUDGMENT ~ 3

18 F. 3d 1467, 1471 (9th Cir. 1994); FED. R. CIV. P. 56(c).  If the non-moving party lacks support for an essential element of their claim, the moving party is entitled to judgment as a matter of law regarding that claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323.  Importantly, at the summary judgment stage, the Court does not weigh the evidence presented, but instead assumes its validity and determines whether it supports a necessary element of the claim.  *Id*.

In order to survive a motion for summary judgment once the moving party has met their burden, the nonmoving party must demonstrate that there is probative evidence that would allow a reasonable jury to find in their favor.  *See Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986).  A nonmoving party "cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact."  *See Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

Defendants' justifications for their Motions for Summary Judgment fall under three primary lines of argument: (1) Plaintiff's claims are time-barred pursuant to the statute of repose and relevant statutes of limitations, (2) Plaintiff does not have sufficient evidence to sustain its claims, and (3) Washington law does not recognize a claim for "negligent construction" under the present circumstances.

/ / /

/ / /

/ / /

ORDER GRANTING SUMMARY JUDGMENT ~ 4

**1.  The Statute of Repose and Statutes of Limitations**

Plaintiff's claims, which involve alterations, repairs, and improvements upon real property, fall under WASH. REV. CODE § 4.16.300 (2004), which states in relevant part:

> RCW 4.16.300 through 4.16.320 shall apply to all claims or causes of action of any kind against any person, arising from such person having constructed, altered or repaired any improvement upon real property, or having performed or furnished any design, planning, surveying, architectural or construction or engineering services, or supervision or observation of construction, or administration of construction contracts for any construction, alteration or repair of any improvement upon real property.

Therefore, these claims are subject to the statute of repose codified in WASH. REV. CODE § 4.16.310 (2002):

> All claims or causes of action as set forth in RCW 4.16.300 shall accrue, and the applicable statute of limitation shall begin to run only during the period within six years after substantial completion of construction, or during the period within six years after the termination of the services enumerated in RCW 4.16.300, whichever is later . . . Any cause of action which has not accrued within six years after such substantial completion of construction, or within six years after such termination of services, whichever is later, shall be barred . . . .

"[A]n action that has not accrued within the 6-year period is barred, regardless of when the injury is discovered."  15A Wash. Prac., Handbook Civil Procedure § 5.12 (2015-2016 ed.) (citing *Hudesman v. Meriwether Leachman Associates, Inc.*, 35 Wash. App. 318, 666 P.2d 937 (Div. 1 1983)); *see also* WASH. REV. CODE § 4.16.326(1)(g).

ORDER GRANTING SUMMARY JUDGMENT ~ 5

1    For purposes of the tolling of the statute of repose, this Court must

2 determine when the renovation work was either "substantially complete" or when

3 Defendants' services were terminated.  There is no dispute that Defendants did not

4 provide services at CPL's relevant apartment buildings after 2001, but the parties

5 differ greatly in their interpretation of "substantial completion."  WASH. REV. CODE

6 § 4.16.310 defines "substantial completion" as "the state of completion reached

7 when an improvement upon real property may be used or occupied for its intended

8 use."

9    Plaintiff argues that "substantial completion" was never attained because the

10 apartment building was not fit to be occupied because of an increased risk of fire

11 caused by Defendants' work and the fact that the work was done without required

12 permits.  However, there is no dispute that the apartments have been occupied for

13 longer than six years from the time that the work was completed in 2001 until the

14 2012 fire.

15    Plaintiff cites *Atherton Condo Association v. Blume Dev. Co.*, 115 Wn.2d

16 506, 799 P.2d 250 (1990), as support for its interpretation; however, the *Atherton*

17 court did not address whether or not work was "substantially complete," but

18 instead dealt with the issue of whether or not an implied warranty of habitability

19 was breached.  Plaintiff urges the Court to read the holding of *Atherton* in

20 conjunction with the proposition that "substantial completion" is only reached

21 when all that is left to do on a construction project are "punch list items," citing

ORDER GRANTING SUMMARY JUDGMENT ~ 6

*1519-1525 Lakeview Blvd. Condo. Ass'n v. Apartment Sales Corp.*, 101 Wash. App. 923, 932, 6 P.3d 74, 79 (2000) *aff'd*, 144 Wash. 2d 570, 29 P.3d 1249 (2001). The Court finds these arguments unpersuasive.  Plaintiff's strained reading of these cases is not supported by the entirety of the cases, and runs contrary to the plain meaning of the statute of repose.

Plaintiff lacks any legal authority to support its interpretation of "substantial completion" which contradicts the very purpose of a statute of repose.  If "substantial completion" is never reached so long as there is a risk of a claim arising due to the actions of a hypothetical defendant, the statute of repose would have no effect.  If this Court were to accept Plaintiff's interpretation of "substantial completion," nothing would prevent potential plaintiffs from asserting claims for defects in construction work indefinitely.  The resulting outcome would frustrate the clear purpose of the statute of repose.

The statutory language "may be used or occupied for its intended use" is unambiguous in this context; the apartments were occupied by residents, thereby fulfilling their intended use.  Defendants' work was complete in 2001.  This Court need not look beyond the plain meaning of the statute of repose.  The purpose of the apartments was to serve as residences, and tenants have lived there between 2001 and 2012. Therefore, the apartments were used and occupied for their intended purpose for longer than six years after Defendants' involvement with the real property ended.  Accordingly, Plaintiff's claims are time-barred.

ORDER GRANTING SUMMARY JUDGMENT ~ 7

1    Defendants argue that in addition to being barred by the statute of repose,

2    the breach of contract and negligence claims are also barred by relevant statutes of

3    limitations. WASH. REV. CODE § 4.16.040 (2007) requires a breach of contract

4    claim to be commenced within six years of the relevant date. The six-year period

5    begins to run upon completion of the work that was the subject of the relevant

6    contract. *See Harmony at Madrona Park Owners Ass'n v. Madison Harmony Dev.,*

7    *Inc.*, 143 Wash. App. 345, 354, 177 P.3d 755, 759-60 (2008). WASH. REV. CODE §

8    4.16.326(1)(g) (2003) clarifies how the statute of limitations should be applied:

> In contract actions the applicable contract statute of limitations expires, regardless of discovery, six years after substantial completion of construction, or during the period within six years after the termination of the services enumerated in RCW 4.16.300, whichever is later. . . .

11   Therefore, for the same reasons discussed above, Plaintiff's breach of contract

12   claim is barred by the statute of limitation.

13   The parties do not dispute that the relevant statute of limitations for the

14   negligence claims is three years pursuant to WASH. REV. CODE § 4.16.080 (2011).

15   The parties do dispute when that period started to run for the same reason they

16   dispute the application of the statute of repose: WASH. REV. CODE § 4.16.310

17   requires that a claim accrue and that an applicable statute of limitation begins to

18   run before the expiration of the six-year time limit imposed by the statute of

19   repose. Therefore, the three-year time limit for a negligence claim must start to

20   run within six years of "substantial completion." Plaintiff argues that substantial

21

ORDER GRANTING SUMMARY JUDGMENT ~ 8

1   completion was never reached, and so the statute of limitations of WASH. REV.

2   CODE § 4.16.040 and WASH. REV. CODE § 4.16.080 started to run when the

3   construction defects were discovered in the 2012 fire.

4          Consistent with this Court's rejection of Plaintiff's argument that substantial

5   completion was never reached, both because Defendant's work was substantially

6   complete in 2001 and the apartments were occupied for their intended use for

7   longer than six years since then, Plaintiff's argument here must likewise fail.  The

8   statute of limitations for Plaintiff's negligence claims necessarily had to start

9   running at the very latest in 2007, and a viable claim against Defendants could not

10  accrue in 2012.

11         In light of this Court's finding that Plaintiff's claims are time-barred, this

12  Court need not address Defendants' additional arguments in favor of dismissal or

13  any of the motions to strike.[2]

14  / / /

15  / / /

16  / / /

17

---

18  [2] Although the Court need not decide this issue, if arguendo, Plaintiff's claims

19  were not time barred, Defendants have raised a credible argument that Plaintiff

20  lacks evidence of the cause of the 2012 fire or that Defendants had any role in that

21  causation.

ORDER GRANTING SUMMARY JUDGMENT ~ 9

1    Accordingly, **IT IS HEREBY ORDERED**:

2    1. Henderson Defendants' Motion for Summary Judgment, **ECF No. 30**, and

3    Diamond Rock Defendant's Motion for Summary Judgment, **ECF No. 35**, are

4    **GRANTED**.

5    2.  All other pending motions in this case are **DENIED AS MOOT**.

6    The District Court Clerk is directed to enter this Order and provide copies to

7    counsel and **close this case**.

8    **DATED** this 18th day of December 2015.

9

10                              *s/ Rosanna Malouf Peterson*
                              ROSANNA MALOUF PETERSON
11                              Chief United States District Judge

12

13

14

15

16

17

18

19

20

21

ORDER GRANTING SUMMARY JUDGMENT ~ 10